1

2

3

4

5

6

7

8

9

10          UNITED STATES DISTRICT COURT
         WESTERN DISTRICT OF WASHINGTON
11                    AT SEATTLE

12  UNITED STATES OF AMERICA,

13                      Plaintiff,
                 v.                          No.
14
    DON BREAZEALE & ASSOCIATES, INC.,
15  DONALD L. and IRENA B. BREAZEALE,        COMPLAINT

16                      Defendants.

17

18      The United States of America, by and through Jenny A. Durkan, United States

19  Attorney for the Western District of Washington, and Harold Malkin and David R. East,

20  Assistant United States Attorneys, acting on behalf of the United States Trade and

21  Development Agency ("USTDA") alleges as follows:

22                    **NATURE OF THIS ACTION**

23      1.  This action alleges that Defendants Don Breazeale & Associates, Inc, ("DBA")

24  and Donald L. and Irena B. Breazeale (collectively "Defendants"), breached contractual

25  agreements with USTDA.

26  //

27  //

28  //

COMPLAINT– 1

**PARTIES**

2.     USTDA is an independent agency of the United States that provides foreign assistance.  USTDA provides grant funding to overseas project sponsors for the planning of projects that support the development of modern infrastructure and an open trading system.

3.     DBA was, until 2009, a California Corporation, founded by Irena B. and Donald L. Breazeale.  Currently, DBA is a Washington Corporation.  DBA focuses on pre-feasibility and feasibility studies, strategic planning, market research and financial engineering of both domestic and international port and rail projects.

4.     Irena B. and Donald L. Breazeale are husband and wife, both of whom currently reside on Bainbridge Island, Washington.

**JURISDICTION AND VENUE**

5.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S. C. § 1331.

6.  Personal jurisdiction and venue are proper in this district pursuant to 28 U.S.C. §§ 1391(b)(1) and 1395(a) because DBA is a Washington corporation located and doing business in this judicial district and because Donald L. Breazeale and Irena B. Breazeale reside in this judicial district.

**BACKGROUND**

**A. USTDA**

7.     USTDA is a foreign assistance agency organized pursuant to § 661 of the Foreign Assistance Act of 1961, as amended (22 U.S.C. § 2421).  USTDA's mission is to promote economic growth in developing and middle income countries.  To accomplish that goal, USTDA provides grant funding to overseas project sponsors, typically foreign governmental entities, that allows those entities to enter into partnerships with U.S. businesses to provide private sector solutions to developmental problems.

8.     The foreign assistance funding provided by USTDA comes from funds appropriated by Congress.

COMPLAINT– 2

9.     USTDA's grants typically support various forms of technical assistance; early investment analysis, such as feasibility studies; training; and business workshops.  The focus of such projects is to support the development of a modern infrastructure in the host countries.

### B.  The Cape Verde Project

10.   On June 30, 2004, the United States, acting through USTDA, and the government of CapeVerde, an island nation on the west coast of Africa, acting through Empresa Nacional de Aministracao dos Portos, S.A. ("ENAPOR"), Cape Verde's Port Authority, entered into a grant agreement to facilitate a feasibility study of a potential transshipment port development project ("Grant Agreement").  In accordance with the Grant Agreement, ENAPOR selected DBA as the contractor to conduct the feasibility study.

11.   Pursuant to the Grant Agreement, USTDA agreed to provide ENAPOR with up to $420,432 to partially fund the cost of goods and services required to undertake the feasibility study.  Also pursuant to the Grant Agreement, DBA was obliged to cover up to $140,160 of the feasibility study costs, as part of the "cost sharing" requirement of the Grant Agreement, a provision included in many USTDA grant agreements.  The Grant Agreement also included Terms of Reference ("TOR"), which set forth specific responsibilities of the contractor, DBA.

12.   On July 10, 2004, ENAPOR and DBA entered into a contract ("Contract") that outlined the terms and conditions constituting the requirements of DBA's feasibility study.  The Contract included the same TOR incorporated into the Grant Agreement.

13.   The Contract required DBA to provide USTDA with, among other things, a Certified Statement of Expenditures establishing and detailing the costs of undertaking the feasibility study, as well as demonstrating that DBA had funded its previously agreed upon share of the costs associated with the feasibility study.

//

//

United States Attorney
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

14.   The Contract also required that DBA and any subcontractors "maintain, in accordance with generally accepted accounting procedures, books, records, and other documents, sufficient to reflect properly all transactions under or in connection with the contract."  The Contract further stipulates that, "books, records, and other documents shall clearly identify and track the use and expenditure of USTDA funds, separately from other funding sources."

15.   Previously, on June 30, 2004, DBA and USTDA executed a Success Fee and Cost Share Agreement.  The Success Fee and Cost Share Agreement required DBA to provide USTDA a Certified Statement of Expenditures, which is a detailed breakdown of costs incurred to complete the full TOR, as incorporated into the Contract.  The Success Fee and Cost Share Agreement provided that (1) "[i]f the Certified Statement of Expenditure is not provided, or is inaccurate USTDA shall be entitled to a refund from [DBA] of the total amount of the USTDA-disbursed Grant funds" and additionally (2) "USTDA may later audit the costs listed in the Certified Statement of Expenditures and receive a refund from [DBA] to the extent that the Certified Statement of Expenditures is not accurate or the costs shown are not reasonable and documented to explain the composition of costs, rates and basis of allocation."

16.   The Success Fee and Cost Share Agreement also provides that if the total costs required to complete the TOR are less than the grant amount provided by USTDA ($420,432), then the amount disbursed by USTDA will also decrease so that, "the actual [feasibility] Study funding contribution by USTDA and [DBA] must remain proportionate to that set forth in this Success Fee and Cost Share Agreement (USTDA US $420,432: [DBA] US $140,160)."

17.   The Success Fee and Cost Share Agreement also includes a books and records provision requiring DBA to "maintain, in accordance with generally accepted accounting procedures, books, records, and other documents, sufficient to reflect properly all transactions under or in connection with this Success Fee and Cost Share Agreement." The Success Fee and Cost Share Agreement further requires that DBA's "books, records,

United States Attorney
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1   and other documents shall clearly identify and track . . . the total cost of the [feasibility]

2   Study including the Cost Share."

3                                          **ALLEGATIONS**

4       18.   DBA's invoices breached: (1) DBA's contractual responsibility to seek

5   reimbursement for its *actual* costs and expenses incurred in performing the feasibility

6   study, and (2) DBA's contractual responsibility to provide its agreed upon share of

7   expenses pursuant to the cost sharing provisions of the Grant Agreement.

8       19.   Pursuant to the terms of the Success Fee and Cost Share Agreement, DBA was

9   also required to submit a Certified Statement of Expenditures in support of the invoices

10  submitted to and paid by USTDA.  DBA's Certified Statements of Expenditures breached

11  DBA's contractual responsibility to fully and accurately account for the costs an expenses

12  incurred in its performance of the feasibility study.

13                                          **DAMAGES**

14                                     **CLAIMS FOR RELIEF**

15                               **COUNT I: Breach of Contract**

16      20.   The United States incorporates by reference paragraphs 1-19 of this Complaint

17  set out above as if fully set forth.

18      21.   This is a claim for beach of contract for the recovery of monies paid by the

19  United States to Defendants (directly or indirectly), for activities undertaken by DBA in

20  conflict with the Success Fee and Cost Share Agreement, a contract between the United

21  States and DBA, and DBA's Contract with ENAPOR, in connection with which USTDA

22  was a third-party beneficiary.

23      22.   In violation of the Success Fee and Cost Share Agreement and DBA's Contract

24  with ENAPOR, DBA failed to adequately maintain its books and records, failed to file an

25  accurate Certified Statement of Expenditures, and failed to cover its proportionate amount

26  of funding pursuant to the cost share requirement of the contract.

27      23.   As a result of these contractual violations, the United States is entitled to the

28  full amount of the grant funds disbursed to DBA.

COMPLAINT– 5

1

**PRAYER**

2       WHEREFORE, the United States prays for judgment against the

3 Defendants as follows:

4     For the damages sustained and/or amounts Defendants received as a result of their

5 failure to comply with the terms of the Success Fee and Cost Share Agreement with

6 USTDA and the Contract with ENAPOR, in connection with which USTDA was a third-

7 party beneficiary; and

8     That the United States recovers such other and further relief as the Court deems just

9 and proper.

10 DATED this 11th day of January, 2011.

11

12                    Respectfully submitted,

13

14                    JENNY A. DURKAN
                   United States Attorney

15                    Western District of Washington

16                    s/ David R. East

17                    DAVID R. EAST
                   HAROLD A. MALKIN

18                    Assistant United States Attorneys
                   United States Attorney's Office

19                    700 Stewart Street, Suite 5220
                   Seattle, Washington 98101-1271

20                    Phone (206) 553-1018
                   Fax: (206) 553-4073
                   E-Mail: David.East@usdoj.gov

21                    E-Mail: Harold.Malkin@usdoj.gov

22

23

24

25

26

27

28

COMPLAINT– 6